UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 09-6460 |
| v. | ) ) | |
| BOH BROTHERS CONSTRUCTION COMPANY, LLC | ) ) ) | SECT. B MAG. 2 |
| Defendant. | ) ) ) | |

## TRIAL MEMORANDUM

### I.   Introduction

Boh Brothers Construction Company, LLC ("Boh Brothers" or "Defendant") submits this Trial Memorandum to address certain issues as requested by this Court in paragraph 8 of the Trial Preparation Order. [Rec. Doc. No. 47].   Boh Brothers previously filed a Motion for Summary Judgment [Rec. Doc. No. 31] and Reply Memorandum [Rec. Doc. No. 40] which addressed Defendant's position on issues of law in relation to the substantive and procedural matters regarding Plaintiff Equal Employment Opportunity Commission's ("EEOC" or "Plaintiff") claims under Title VII for both Sexual Harassment and Retaliation.   In order to fully comply with the briefing requirements of this Court Boh Brothers submits this limited Trial Memorandum to address the contested issue of statutory caps on Title VII damages.

### II.   Plaintiff's Position

Boh Brothers understands that the EEOC takes the position that the cap on Title VII damages provided in 42 U.S.C. § 1981(a) applies individually to each claim brought under Title

1

VII. This position is contrary to the statute itself and the weight of prior judicial precedent on the matter.

## III.    Defendant's Position

Under 42 U.S.C. § 1981(a) plaintiffs in actions arising under Title VII are limited to recovery of no more than $300,000 for compensatory and punitive damages from an employer with 500 or more employees by virtue of a statutory cap.   In pertinent part 42 U.S.C. § 1981(a)(1) provides that"[i]n an action brought by a complaining party under [Title VII] . . . the complaining party may recovery compensatory and punitive damages as allowed in subsection (b) . . ."  Turning to subsection 42 U.S.C. § 1981(b)(3)(D) the statute provides "[t]he sum of the amount of compensatory damages . . . and the amount of punitive damages awarded under this section [ ] shall not exceed, for each complaining party . . . in the case of a respondent who has more than 500 employees . . . $300,000."

The Tenth Circuit addressed this very issue in *Baty v. Willamette Industries, Inc.*, 172 F.3d 1232 (10th Cir. 1999).[1]  There the court was faced with *one* "complaining party" who sued on multiple Title VII claims and sought to recover up to the statutory cap for *each* claim. (emphasis added).  *Id.* at 1245.  The plaintiff in *Baty* argued that the EEOC's interpretation of the statute would apply the cap separately to her claim for sexual harassment and to her claim for retaliation for a total recovery at $600,000 rather than $300,000 for both claims.  *Id.*  The court noted that there was no need for deference to statutory interpretation by the EEOC when the language of the statute itself was clear and unambiguous.  *Id.* at 1245-1246.  The Tenth Circuit further affirmed that as used in the statute the term "action" simply referred to a lawsuit and that "action" equally encompassed "all claims for relief alleged in a single lawsuit." *Id.* at 1246,

---

[1] *Abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002).

2

citing, *Hudson v. Reno*, 130 F.3d 1193, 1200 (6th Cir. 1997) (denying plaintiff recovery of damages above cap where jury awarded $250,000 for sex discrimination, $500,000 for retaliation, and $750,000 for constructive discharge). As such, the court held that the §1981(a) cap applied to each party in an action and *not* to every claim. *Id.* Thus, the court concluded that the $300,000 cap applied cumulatively to all claims brought by the plaintiff. *Id., citing, Hudson.* See also, *Madison v. IBP, Inc.,* 257 F.3d 780, 805 (8th Cir.2001), *judgment vacated on other grounds,* 536 U.S. 919, 122 S.Ct. 2583, 153 L.Ed.2d 773 (2002) (court rejected theory that cap should apply damage limitation to each individual act of discrimination); *Smith v. Chicago Sch. Reform Bd. of Trustees,* 165 F.3d 1142, 1150 (7th Cir.1999) (limitation applies to entire Title VII award); *Rau v. Apple-Rio Management, Co.,* 85 F.Supp.2d 1344, 1347 (N.D.Ga.1999), *aff'd,* 251 F.3d 161 (11th Cir.2001) (applying cap to action as a whole and not to each individual claim); *Hudson v. Chertoff,* 473 F.Supp.2d 1286 (S.D.Fla. 2007) (finding cap applied to multiple claims which could not be cumulated to circumvent the $300,000 cap when 42 U.S.C. § 1981 was the operative statute for both of the plaintiff's federal claims); *Jones v. Rent-A-Center, Inc.,* 281 F.Supp.2d 1277, 1280 (D. Kansas 2003) (finding cap applies "for each complaining party," rather than to each claim where plaintiff brought sexual harassment and retaliation claim).

**IV. Conclusion**

As evidenced above, there are a litany of cases involving similar reductions in awards as in the *Baty* case. The position taken by the EEOC stands alone and disregards the plain wording of the statute and judicial precedent. Thus, to the extent the EEOC is successful on any of its claims asserted against Boh Brothers for compensatory or punitive damages, the $300,000 statutory cap should be applied to all such awards such that the maximum recovery would be $300,000.

3

Respectfully submitted this 14th day of March, 2011.

                              /s/ Walter W. Christy
                              Walter W. Christy (La. Bar # 04134)
                              Jacob C. Credeur (La Bar # 31116)
                              Erin R. Wedge (La. Bar # 31560))
                              COATS | ROSE
                              One Canal Place
                              365 Canal Street, Suite 800
                              New Orleans, LA  70130
                              (504) 299-3073
                              (504) 299-3071 (Fax)
                              ATTORNEYS FOR BOH BROTHERS
                              CONSTRUCTION CO., L.L.C.

## CERTIFICATE OF SERVICE

This is to certify that on this 14th day of March, 2011, a copy of the foregoing pleading was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to all counsel of record.

                              /s/ Walter W. Christy