UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION    *    CIVIL ACTION
                                           *
VERSUS                                     *    NO. 09-6460
                                           *
BOH BROTHERS CONSTRUCTION COMPANY, LLC     *    SECTION "B"(2)


                              OPINION

   Before the Court is Plaintiff, EEOC's Motion for Injunctive Relief seeking an order requiring defendant to effectuate a system to prevent and promptly correct unlawful sexual harassment at Defendant Boh Brothers Construction Company, LLC's facilities; to mandate distribution of said policy to all current employees and all new employees within thirty days of hire; to require delivery to all employees of a letter notifying them of the verdict in this case, among numerous other items.  (Rec. Doc. No. 60).  For the reasons pronounced below,

   **IT IS ORDERED** that Plaintiff's Motion for Injunctive Relief (Rec. Doc. No. 60) as subsequently redacted, is **GRANTED,** judgment will issue hereafter.

   At the conclusion of a four day jury trial, the jury returned a verdict for plaintiff and against defendant awarding plaintiff two hundred one thousand dollars ($201,000.00) in compensatory damages consisting on one thousand dollars ($1,000.00) for back pay and benefits and TWO HUNDRED THOUSAND DOLLARS ($200,000.00) for

                                 1

emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life, and two hundred fifty thousand dollars ($250,000.00) in punitive damages. (Rec. Doc. No. 58-2). Following post-trial hearings, the Court reduced the jury award to comply with statutory caps and applicable case law, *see* Rec. Doc. Nos. 93, 94, awards set at $301,000.00. The proposed Judgment of Injunctive Relief in the record is found at Rec. Doc. No. 60-3. Following the hearing on the Motion for Injunctive Relief, the Court directed and the parties submitted revisions on that issue via facsimile.

Injunctive relief must be reasonably tailored to the specific facts of this case, as reflected by the trial record. Issuance of an injunction "rests primarily in the informed discretion of the district court." *Marshall v. Goodyear Tire & Rubber Co.*, 554 F.2d 730, 733 (5th Cir.1977). Additionally, injunctive relief is warranted where the EEOC acts in the public interest and seeks remedies designed to vindicate the underlying policies of Title VII and the CRA. (Rec. Doc. No. 60-1 at 3). The United States Supreme Court, in *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 295-96 (2002) stated:

> [W]e are persuaded that, pursuant to Title VII and the ADA, whenever the EEOC chooses from among the many charges filed each year to bring an enforcement action in a particular case, the agency may be seeking to vindicate a public interest, not simply provide make-whole relief for the employee, even when it pursues entirely victim-specific relief. To hold otherwise would undermine the detailed enforcement scheme created by Congress

> simply to give greater effect to an agreement between private parties that does not even contemplate the EEOC's statutory function.

(Rec. Doc. No. 60-1 at 4). Noteworthy for our purposes is *EEOC v. Mid-American Specialties*, *Inc.*, where the District Court ordered relief similar to that proposed here. *EEOC v. Mid-American Specialties*, *Inc.*, No. 09-2203, 2011 WL 1206163 (W.D. TN. Mar. 24, 2011).

Defendant argues that injunctive relief is unwarranted, and alternatively, if the Court decides such relief is appropriate, that the relief proposed by Plaintiff is "unnecessary, unreasonable, burdensome, and duplicative of the substantial relief granted by the jury in its verdict and should be limited accordingly."[1] (Rec. Doc. No. 66 at 17). More specifically, Defendant submits that:

> [T]he company, since conclusion of trial, has begun the process of implementing a new harassment and retaliation policy. This policy will be provided to employees and managers alike. The company intends to deliver the new policy to individual employees, place it in the "Boh Picture," and post the policy on jobsite bulletin boards. The company is also in the process of developing plans to better and more efficiently instruct supervisors and employees regarding harassment and other forms of discrimination. Finally, Chuck Wolfe Resigned his employment with the company on April 4, 2011 after being

---

[1] For instance, Defendant opposes section three of the Proposed Judgment of Injunctive Relief that would, if ordered, require Defendant to deliver a letter to all employees advising them of the verdict in this case and stating Defendant's intolerance of sexual harassment or retaliation. (Rec. Doc. No. 66 at 13). Defendant "submits that there is no reason for it to have to send a copy of the verdict to its employees other than to satisfy the EEOC's desire to gain publicity . . . . [s]ending the verdict will do nothing but raise questions." *Id*.

3

>   demoted to the position of operator; he no long poses a
>   threat of continued harassing behavior.

(Rec. Doc. No. 66 at 3). It should be noted that Plaintiff correctly points out in its reply that Defendant offers no sworn testimony to support its claims relative to alleged post-trial remedial work.

Defendant cites in support of its contentions *Armstrong v. Turner Industries, Inc.*, 141 F.3d 554 (5th Cir.1998). That case involved a private plaintiff who brought suit against a potential employer where the employer required a pre-offer medical exam allegedly in violation of Section 12112(d)(2)(A) of the ADA. The EEOC issued a "right-to-sue" letter and suit was filed thereafter. The EEOC acted as amicus but was not a party to the litigation. Affirming dismissal of Plaintiff's 12112(d)(2)(A) claim, the Fifth Circuit held that "Armstrong has not demonstrated any injury redressable by damages, and he lacks standing to seek declaratory and injunctive relief . . . ." *Id*. at 558. *Armstrong* is distinguishable from the case at bar as that case involved a private plaintiff seeking relief only for himself, whereas here, and as noted in jurisprudence, the suit was filed by the EEOC who "may be seeking to vindicate a public interest, not simply provide make-whole relief for the employee, even when it pursues entirely victim-specific relief." *Waffle House*, 534 U.S. at 295-96. Although the only Fifth Circuit case in the section of Defendant's opposition listing "factors" is distinguishable from the case at

bar, at least one such factor merits further attention.[2]

At different points in its opposition, Defendant submits that "the monetary compensation and punitive damages awarded are sufficient to deter future violations by Boh Brothers" (Rec. Doc. No. 66 at 5, 8). However, Defendant has filed a Motion to Remit the Judgment (Rec. Doc. No. 68); a Motion for New Trial (Rec. Doc. No. 67); and a Motion for Judgment as a Matter of Law (Rec. Doc. No. 77).[3] Those motions, along with statements of Defendant's spokeswoman published in the Times-Picayune article submitted by Defendant that Boh Brothers is "confident of a reversal" render meaningless Defendant's suggestion that jury award will have a deterrent effect.

Defendant also cites to *EEOC v. E.I. DuPont de Nemours and Co.*, 03-1605, 2004 WL 3048748 (E.D. La. Jan. 4, 2004), a case which Plaintiff states "did not involve a jury verdict regarding Defendant's policies." (Rec. Doc. Nos. 66 at 9; 71 at 5).

Forty-two United States Code § 2000e-5(g)(1) provides that "the [trial] court may enjoin the respondent from engaging in . . . . unlawful employment practice[s], and order such affirmative

---

[2] Defendant's opposition states, in pertinent part "[a] review of Fifth Circuit case law and that of other jurisdictions discussed below indicate [sic] that equitable relief, such as training, is generally granted only when certain factors are present including: . . . (3) the monetary compensation and punitive damages awarded are not sufficient to deter future violations by the employer." (Rec. Doc. No. 66 at 4).

[3] Boh Brothers, in its Motion to Remit the Judgment "seeks remittitur of the jury award . . . on grounds that the awards are excessive and that they are not supported by sufficient evidence in the record." (Rec. Doc. No. 68-1 at 1).

action as may be appropriate, . . . or any other equitable relief as the court deems appropriate." 42 U.S.C. § 2000e-5(g)(1) (emphasis added). The district court has broad discretion in granting post-trial injunctive relief in Title VII cases. *EEOC v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 467 (6th Cir.1999); see also *Spencer v. Gen. Elec. Co.*, 894 F.2d 651, 660 (4th Cir. 1990) ("[A] district court must . . . exercise its discretion . . . to ensure that discrimination does not recur."). Permanent injunctive relief is available even where the EEOC has not alleged a pattern or policy of discrimination. *Frank's Nursery*, 177 F.3d at 468. Once an employer has been held liable under Title VII, it is the employer's burden to offer evidence that the unlawful conduct will not recur. *Spencer*, 894 F.2d at 660 n.13. The ultimate burden of showing that injunctive relief is appropriate, however, lies with the EEOC. *Id*. Federal Rule of Civil Procedure 65(d) provides that an order granting injunctive relief must "state its terms specifically" and "describe in reasonable detail . . . the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1)(B)-(C).

As noted earlier, each party submitted proposals for injunctive relief. The EEOC made several revisions to its original draft which effectively lessened certain administrative burdens for implementing remedial and other measures. Defendant's proposal, while not as detailed as the EEOC's proposal, contained eleven

measures for relief, reserving the right to oppose entitlement overall.

Based on the record trial evidence along with hearings held on post-trial motions, including the hearing and post-hearing submissions relative to injunctive relief, we find that the EEOC has convincingly shown the appropriateness for that relief. Jurisdiction will be retained to implement and enforce terms for injunctive relief, including but not limited to modifying same, as needed, including shortening applicable time periods upon showing of good cause.

New Orleans, Louisiana, this 15TH day of August, 2011.

_____
UNITED STATES DISTRICT JUDGE