```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION        *     CIVIL ACTION
                                               *
VERSUS                                         *     NO. 09-6460
                                               *
BOH BROTHERS CONSTRUCTION COMPANY, LLC         *     SECTION "B"(2)


### JUDGMENT OF INJUNCTIVE RELIEF

**WHEREAS** the jury in the above captioned matter entered a verdict in favor of Plaintiff, United States Equal Employment Opportunity Commission ("EEOC" or "Commission"), on March 24, 2011, on the issue of sexual harassment; and

**WHEREAS** said jury found that Defendant subjected Kerry Woods to severe and/or pervasive sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*, as amended ("Title VII"); and

**WHEREAS** the jury found that Defendant did not exercise reasonable care to prevent and promptly correct any sexually harassing behavior; and

**WHEREAS** the jury found Defendant to have violated Mr. Woods' rights under Title VII with malice and/or reckless indifference; and

**WHEREAS** the jury awarded Mr. Woods $1,000.00 in back pay and benefits, $200,000.00 in compensatory (emotional) damages, and $250,000.00 in punitive damages as a result of Defendant's

1

violation of Title VII; and

**WHEREAS** the Court has considered the EEOC's motion for injunctive relief and Defendant's opposition thereto, and the Court has found said motion to have merit; and

**WHEREAS** the Court is empowered, by 42 U.S.C. § 2000e(5)(g)(1) "to enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate . . . or any other equitable relief as the court deems appropriate";

**IT IS ORDERED, ADJUDGED, AND DECREED** that the EEOC's Motion for Injunctive Relief (Rec. Doc. No. 60) be and is hereby **GRANTED;**

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the following injunctive relief be and is hereby **IMPOSED**:

1. **PREVENTION AND CORRECTION OF SEXUAL HARASSMENT.**

    Defendant and its managers and supervisory employees, agents, officers, successors and assigns are ordered to take all necessary actions, as further set forth hereinbelow, to effectuate, within six (6) months of the entry of this Judgment, a system which is reasonably calculated to prevent and promptly correct unlawful sexual harassment at any of its facilities;

2. **IMPLEMENTATION OF SEXUAL HARASSMENT POLICY.**

    a. Within six (6) months of the entry of this Judgment, Defendant shall implement a detailed,

written policy which specifically defines and prohibits "sexual harassment" made unlawful by Title VII ("sexual harassment policy"). Said sexual harassment policy shall address, but not necessarily be limited to: the definition of "severe" harassment; the definition of "pervasive" harassment; examples of prohibited sexual harassment; an explanation that sexual harassment need not be motivated by sexual desire; an explanation that harassment based on nonconformity to gender stereotypes constitutes unlawful harassment because of gender or sex; an explanation of unlawful sexual harassment; an explanation of procedures for employees to report or complain of sexual harassment; an explanation of the manner in which Defendant's officials are to investigate, document, and respond to reports of sexual harassment; a statement that no employee who complains of sexual harassment will be subjected to retaliation; an explanation of what unlawful retaliation and protected activity are; the procedure for reporting retaliation for complaining of or opposing sexual harassment; and an explanation of the manner in which Defendant's

       officials are to investigate, document, and respond to reports of retaliation.

b.    Said written sexual harassment policy shall, immediately upon implementation, be provided to all employees of Defendant.  Defendant shall also, immediately upon implementation of said policy, post it on Defendant's internet website in a reasonably conspicuous location.  Said internet posting shall be maintained throughout the duration of the compliance period of this Judgment of Injunctive Relief, as set forth hereinbelow, to wit, for not less than thirty (30) months.  Defendant shall notify all employees, through its publication "The Boh Picture", at least once per annum, during the compliance period of this Judgment of Injunctive Relief, of the internet address at which they can find the sexual harassment policy on Boh Brothers' website.

c.    During the compliance period of this Judgment of Injunctive Relief, Defendant shall provide a copy of its sexual harassment policy to all new employees, within thirty (30) days of hire.

d.    Defendant shall, immediately upon implementation of said sexual harassment policy, provide a copy of it

4

    to the EEOC, in paper and electronic (PDF or substantially similar) form, as follows:

      To the attention of Gregory T. Juge and Tanya L. Goldman, U.S. EEOC, New Orleans Field Office, 1555 Poydras Street, Suite 1900, New Orleans, Louisiana, 70112; [Gregory.Juge@eeoc.gov](mailto:Gregory.Juge@eeoc.gov); [Tanya.Goldman@eeoc.gov](mailto:Tanya.Goldman@eeoc.gov) with an electronic copy to EEOC Houston Regional Attorney James Sacher at [James.Sacher@eeoc.gov.](mailto:James.Sacher@eeoc.gov)

3. **LETTER NOTIFYING EMPLOYEES OF VERDICT.** Within fourteen (14) days of entry of this Judgment of Injunctive Relief, Defendant must deliver a letter to all of its employees, advising them of the verdict against Defendant in this case on the claim of sexual harassment, stating that Defendant will not tolerate sexual harassment or retaliation, and that Defendant will take appropriate disciplinary action against any manager, supervisor, or employee who engages in sexual harassment or retaliation. The letter shall be printed on Defendant's letterhead and shall be signed by Defendant's Chief Executive Officer. The text of the required letter is attached hereto as Exhibit "A". Defendant shall, immediately upon issuance, provide a paper copy and electronic copy of said letter

to the EEOC, in the manner specified for Notice in paragraph 2(d), *supra*.

4. **REPRESENTATIVE TO RECEIVE AND INVESTIGATE COMPLAINTS.**

    Defendant shall designate a specific corporate management representative to receive and investigate reports and complaints of sexual harassment. This individual shall report directly to Defendant's Chief Executive Officer and shall be trained on best practices for conducting sexual harassment investigations. This Individual and Defendant shall:

    a.  Conduct an investigation of all reports of sexual harassment within one (1) week of receipt of the allegation of sexual harassment by Defendant. In order to constitute a report of sexual harassment for purposes of this Judgment, the report need not specifically mention the words "sexual" or "harassment". Rather, any report, formal or informal, written or oral, which reasonably places Defendant on notice that sexual harassment may have occurred, shall constitute a report of sexual harassment hereunder.

    b.  The investigation shall include in-person interviews of all witnesses, complainant, the securing of witness written statements describing

        allegations, and identification of all parties involved in the investigation. If an in-person interview of a given witness is not practicable, Defendant shall document and maintain a record of the reasons therefor, and shall interview the witness or witnesses in the most effective practicable manner.

c. The designated corporate representative for receiving complains shall create and maintain a contemporaneous written log of all calls, details of all investigations, including all interview notes, and information regarding resolution of an investigation. If a report is not investigated, a written record must be made to justify the failure to investigate.

d. The designated corporate representative shall also investigate immediately any reports of retaliation against and employee for making a report of sexual harassment.

e. The designated corporate representative shall report to the complainant the results of the investigation. Said report shall include, but not be limited to, a description of the investigative process, the findings of the investigation, and

        what actions, if any, Boh Brothers has taken or will take in response to the complaint.

    f.    Defendant will maintain all records of or relating to any sexual harassment complaint, and investigation thereof, for a minimum of thirty (30) months.

5.    **DISCIPLINE OF RETALIATORS GENERALLY.** Defendant shall include in its sexual harassment policy a warning that harassment of, or any other retaliation against, those reporting or complaining of sexual harassment is grounds for discipline, up to and including termination. Any report of retaliation must be investigated in accordance with Paragraph 4.

6.    **CONFIDENTIALITY OF COMPLAINTS.** Defendant shall include in its sexual harassment policy the requirement that managers must keep confidential any reports of harassment. The Defendant shall take all necessary and reasonable steps to ensure there is no retaliation against anyone making a report of sexual harassment.

7.    **POSTING OF HARASSMENT POLICY.** Defendant shall post its sexual harassment policy (including the direct phone number of the designated corporate representative pursuant to Paragraph 4 above to receive reports of inappropriate activity) on its website and in other

places accessible to employees and applicants for employment, such as break rooms, employee bathrooms, and bulletin boards, at all of its facilities and work sites. The posting shall specify that the designated individual accepts and investigates anonymous reports (reading, "You do not need to give your name"). The posting shall also specify that Defendant will investigate any reports of retaliation.

8. **TRAINING.**

   a. Defendant must conduct at least one training session per annum, during the compliance period of this Judgment of Injunctive Relief, of not less than two-hours' duration, for all employees (company-wide), including its managers, on Title VII's prohibitions against sexual harassment and retaliation against anyone who engages in protected activity. Defendant shall complete the first required training session within one year of the entry of this Judgment of Injunctive Relief. All required training sessions shall, at a minimum, cover the topics enumerated above in paragraph 2(a), which are required to be set forth in Defendant's written sexual harassment policy. Defendant does not need to train all of its

      employees during one session, but may use multiple sessions over the course of the year to ensure that all employees receive the required training.

b. This training shall be accompanied by written materials for the attendees, concerning the sexual harassment and retaliation topics covered in training. The training shall be conducted by live seminar, either in person, or via the internet (for visual participation), or by similarly effective means. The program for this training shall be prepared by **outside employment counsel** (not an employee of any of the named Defendants or of any of their subsidiaries or related companies), with at least five years of legal experience in employment discrimination law. The training shall be configured so as to permit attendees to ask questions and have them answered during the training session.

c. Defendant shall also, during the compliance period of this Judgment of Injunctive Relief, provide the aforementioned training to: all new employees, within thirty (30) days of hire; and to any employee who is promoted, within thirty (30) days of said promotion.

d. Defendant shall provide the EEOC with written materials accompanying, and an outline of, the training, at least seven (7) days before the first training session, and at least seven (7) days before every training session thereafter, if any changes are made to the materials or outline. Delivery of the written materials shall be made in the manner specified in paragraph 2(d), *supra*.

e. Defendant shall repeat the annual company-wide sexual harassment training described in this paragraph at least once during the second year of the compliance period of this Judgment of Injunctive Relief.  In total, Defendant shall conduct a minimum of two annual company-wide training sessions during the compliance period of this Judgment of Injunctive Relief.

f. Defendant shall provide a copy of signed attendance sheets to the EEOC, in the manner specified in paragraph 2(d), *supra*, with its semi-annual reports.  Said attendance sheets shall include the printed name, position, and signature of each employee attending the training, and shall indicate the date of the training, the location of the training, the manner of training (*e.g.*, in-person,

       video-conference, *etc.*), and the person(s) who conducted the training.

9. **MONITORING.**

    The EEOC is hereby empowered to monitor and review compliance with this Judgment of Injunctive Relief. Accordingly, for the duration of the compliance period of this Judgment of Injunctive Relief, Defendant must create and maintain such records as are necessary to demonstrate compliance with this Judgment of Injunctive Relief and 29 C.F.R. § 1602 *et seq.*, and must verify that the reports submitted pursuant to this Judgment regarding injunctive relief are accurate. The EEOC has the right to: (1) attend training sessions required by this Judgment of Injunctive Relief; (2) review any and all documents relevant to the relief provided in this Judgment of Injunctive Relief; (3) interview employees, managers, supervisors, and contractors; and (4) inspect Defendant's premises solely for the purpose of verifying that the notice required by Paragraph 12, *infra*, has been posted. The EEOC shall provide Defendant at least forty-eight (48) hours' advance notice prior to undertaking any action pursuant to this Paragraph.

10. **RECORD KEEPING OF COMPLAINTS.** Defendant shall maintain records of any complaints of sexual harassment for at

       least thirty (30) months. These records shall include the names, addresses, telephone numbers, and social security numbers of any employee or applicant making a complaint, unless the complaining party was anonymous. These records shall also contain the date of the report or complaint, what was alleged, the names of any witnesses, the name and position of the alleged bad actor, and what actions, if any, Defendant took to respond to or resolve the complaint. These records shall be provided to the EEOC within thirty (30) days of the conclusion of Defendant's investigation, in the manner set forth in paragraph 2(d), *supra*, and in accordance with paragraph 11, *infra*.

11. **REPORTING.** Defendant shall submit five (5) semi-annual reports to the Commission. Defendant shall submit the first report within six (6) months of the entry of the Court's Judgment of Injunctive Relief, and each of the four (4) remaining reports every six (6) months thereafter. The reports shall contain a specific certification by Defendant with each of the requirements of this Judgment of Injunctive Relief during the subject six-month period. The certification shall refer, as to each item of compliance, to the appropriate paragraph of this Judgment of Injunctive Relief, and include a

statement of what was done to effectuate said compliance. The certification shall be made by affidavit, or its legal equivalent, executed by a person with knowledge. Defendant shall deliver these semi-annual reports to the Commission in the manner specified in paragraph 2(d) *supra*. The EEOC is entitled, within thirty (30) days of a written request, to copies of documents which may be reasonably necessary to verify Defendant's compliance with this Judgment of Injunctive Relief, as described in Defendant's semi-annual reports.

12. **NOTICE OF VERDICT**. Within fourteen (14) days of the entry of this Judgment of Injunctive Relief, Defendant must conspicuously post, at all of its facilities and work sites, a copy of the remedial notice attached hereto as Exhibit "B". The notice must remain posted for the duration of the compliance period of this Judgment of Injunctive Relief. Defendant shall also continue to conspicuously post the Notice (poster) required by Title VII, throughout the compliance period of this Judgment of Injunctive Relief.

13. **NOTIFICATION OF SUCCESSORS**. This Judgment of Injunctive Relief is binding upon Defendant's purchasers, successors, and assigns. Before executing an agreement to sell, assign, consolidate, or merge with another

company, Defendant must provide the entity entering into such agreement with a copy of this Judgment of Injunctive Relief. Defendant shall provide at least thirty (30) days' advance written notice to the EEOC, or if thirty (30) days is not possible, then as much notice as is practicable, prior to an assignment, succession, acquisition, merger, or consolidation affecting Defendant. Said notice shall be made in accordance with paragraph 2(d), *supra*.

14. **DURATION: COMPLIANCE AND ENFORCEMENT.**

    a.  The duration of this Judgment of Injunctive Relief shall be thirty (30) months from the date of its entry. Said period shall constitute the "compliance period".

    b.  **Effect of stay, if any.** In the event Defendant seeks and obtains a stay of this Judgment of Injunctive Relief pending appeal, or pending other forms of challenge hereto, and if such a stay be later lifted, then the compliance period shall be comprised of the three (3) years following the date on which said stay is lifted.

    c.  The EEOC shall have six (6) months from the end of the compliance period within which to seek relief from the Court for any alleged failure by Defendant

        to comply with the terms of this Judgment of Injunctive Relief. Said period shall constitute the "enforcement period".

   d.   In the event the EEOC proves that Defendant has failed to comply with any provision of this Judgment of Injunctive Relief, Defendant shall pay the Commission for all reasonable costs incurred in the proof of such violation(s). The Court may also order such other relief as it deems appropriate in the circumstances.

15. **NO-REHIRE OF THE HARASSER**.

    Defendant has certified to the Court that Mr. Wolfe is no longer employed by Defendant in any capacity. Defendant shall not re-employ Mr. Wolfe during the Compliance Period of this Injunction.

New Orleans, Louisiana, this 16TH day of August, 2011.

_____
UNITED STATES DISTRICT JUDGE

**EXHIBIT "A"**

Date: _____

[Boh Brothers Letterhead]

Dear Employee:

    This letter is being sent to you as a result of a court order in a lawsuit brought by the U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION (EEOC) against Boh Brothers Construction Company, LLC, in the United States District Court for the Eastern District of Louisiana, Civil Action Number 09-6460.

    On March 24, 2011, a federal jury in New Orleans, Louisiana, found that Boh Brothers violated federal law by subjecting Kerry Woods to sexual harassment. The jury returned a verdict of $1000.00 in back pay and benefits, $200,000.00 in compensatory (emotional) damages, and $250,000.00 in punitive damages.

    Federal law requires that there be no discrimination against any employee or applicant for employment because of an individual's sex, or because the individual made a complaint of discrimination because of sex, with respect to hiring, compensation, promotion, discharge, or other terms, conditions, or privileges of employment. Boh Brothers will not tolerate any such sexual harassment or retaliation, and will take the appropriate disciplinary action against any manager, supervisor or employee who engages in sexual harassment or retaliation, up to and including termination.

    Sincerely,

        [signature of Boh Brothers CEO]

**EXHIBIT "B"**

Date: _____

**<u>LEGAL NOTICE</u>**

     1.   This NOTICE to all employees of Boh Brothers Construction Company, LLC. is being posted and provided as a result of a court order in a lawsuit brought by the U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION (EEOC) against Boh Brothers Construction Company, LLC, in the United States District Court for the Eastern District of Louisiana, Civil Action Number 09-6460.

     2.   Federal law requires that there be no discrimination against any employee or applicant for employment because of sex, retaliation, race, national origin, color, age, disability, or religion with respect to hiring, compensation, promotion, discharge, or other terms, conditions, or privileges of employment.

     3.   Boh Brothers must comply with such federal law in all aspects, and it must not take any action against employees because they have exercised their rights under the law by filing charges or cooperating with the EEOC or by otherwise opposing employment practices made unlawful under federal law.

     4.   On March 24, 2011, a federal jury in New Orleans, Louisiana, found that Boh Brothers violated federal law by subjecting Kerry Woods to sexual harassment. The jury returned a verdict of $1000.00 in back pay and benefits, $200,000.00 in compensatory (emotional) damages, and $250,000.00 in punitive damages.

     5.   The EEOC maintains offices throughout the United States, and has a website, www.eeoc.gov that will give you information about federal laws prohibiting employment discrimination and retaliation. EEOC's toll-free telephone number is 1-800-669-4000. You should feel free to contact the EEOC if you have a complaint of discrimination, harassment, or retaliation.

     6.   This NOTICE must remain posted until three (3) years from the date of entry of the Judgment.

**<u>DO NOT REMOVE, COVER, OR DEFACE THIS LEGAL NOTICE</u>**