UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 09-6460 |
| | * | |
| BOH BROTHERS CONSTRUCTION COMPANY, LLC | * | SECTION "B"(2) |

## ORDER AND REASONS

Considering Defendant's Motion to Stay Judgment of Injunctive Relief (Rec. Doc. No. 105),

**IT IS ORDERED** that said motion is hereby **DENIED**.

Defendant correctly notes that under Federal Rule of Civil Procedure 62 (c), a court may suspend a final judgment granting an injunction if the party seeking suspension of the judgment pending appeal can show: (1) a likelihood of success on the merits; (2) that unless a stay is granted it will suffer irreparable injury; (3) that the potential harm to the movant outweighs the harm to the opposing party if a stay is not granted; and (4) that a stay is in the public interest. *Vidal v. Gonzales*, 491 F.3d 250, 254 n.17 (5th Cir. 2007).

In support of its contention, Defendant claims that the Court-ordered injunction will cause irreparable harm to it because the injunction requires it to send a letter to every employee and post a notice concerning the August 16, 2011 judgment within fourteen (14) days of entry of judgment.  (Rec. Doc. No. 105-1 at 2; *see also* Rec. Doc. No. 103 at 5 ¶3). Defendant submits that posting and

mailing these notices will "irreparably harm Boh Bros' business relationship with its employees which likely cannot be repaired should Defendant prevail on appeal." (Rec. Doc. No. 105-1 at 2). Defendant further argues that these notices will create confusion among the employees and "could decrease the efficiency of operations." (Id.).

Second, Defendant contends that the EEOC would suffer no harm from the stay because Defendant has already implemented remedial steps, is currently providing sexual harassment training, and the "alleged harasser no longer works for Boh Bros." (Id.).

Third, Defendant asserts that the stay of the injunction would not thwart the important interest of the elimination of discrimination in the public workplace. *See Univ. of Pa. v. EEOC*, 493 U.S. 182, 193 (1990).

Fourth, Defendant contends it can demonstrate a "high likelihood of success on the merits of its appeal before the Fifth Circuit." (Rec. Doc. No. 105-1 at 3). Defendant avers that it is implementing a new sexual harassment policy with "an emphasis on supervisors' responsibility to prevent and correct harassment." (Id.).

If it complies with the Order, Defendant expresses concern for being portrayed as a "scofflaw." (Id.).

42 U.S.C. § 2000e-5(g)(1) provides that "the [trial] court may enjoin the respondent from engaging in . . . unlawful employment

2

practice[s], and order such affirmative action as may be appropriate, . . . or any other equitable relief as the court deems appropriate." It is well-recognized that the issuance of an injunction "rests primarily in the informed discretion of the district court." *Marshall v. Goodyear Tire & Rubber Co.*, 554 F.2d 730, 733 (5th Cir. 1977); *see also* Rec. Doc. No. 102 at 2. Moreover, "[a] district court possesses broad discretion to craft an injunction that will ensure the employer's compliance with the law." *EEOC v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 467 (6th Cir. 1999).

This Court exercised its rightful discretion to determine that injunctive relief was proper in this case, and in making that decision ordered that the various measures of injunctive relief be quickly implemented, starting as soon as fourteen (14) days after the entry of judgment. Thus, demonstrating the urgent nature of the need for this remedy.

Here, Defendant submits little more than conjecture and its displeasure with the ordered remedies as the basis for why the injunctive relief should be stayed. First, Defendant failed to concretely establish, outside of mere conjecture about employee confusion and the alleged decrease in operations efficiency, how notifying its employees of the judgment will irreparably harm it. Furthermore, Defendant's own exhibit cuts against its argument, as Mr. Lipani's declaration states that he has already met with "the

company's foremen, supervisors and managers in eight separate meetings in which [he] told them the facts of the case, the outcome of the case and counseled them about engaging in the type of conduct that Mr. Wolfe had engaged in." (Rec. Doc. No. 105-2, Exh. 1 at 2). Thus, Defendant has already begun implementing the injunctive relief which it now contends will cause irreparable harm to it. Further, even assuming, *arguendo*, that Defendant's contentions about it facing irreparable harm are true, employee confusion and decreased operations efficiency still does not constitute irreparable harm.

Second, according to Defendant, it has already implemented some remedial steps and taken "proactive actions in sexual harassment training" (Rec. Doc. No. 105-1 at 2). However, Defendant fails to specifically delineate what these steps are and exactly how they would prevent the EEOC from suffering any injury, if the stay were granted.[1] Furthermore, Defendant mistakenly assumes by requesting a stay that the duty to prevent harm lies solely with the EEOC; the EEOC represents the public interest. *See U.S. v. Allegheny-Ludlum Indus., Inc.*, 517 F.2d 826, 870 (5th Cir. 1975)("[t]he EEOC does not stand in a lawyer-client posture .

---

[1] Defendant does note that "there has not been a single charge of sexual harassment against Boh Bros. either prior to or since the allegations at issue in this case." (Rec. Doc. No. 105-1 at 2). However, Defendant fails to explain how these new "remedial steps" and "proactive actions" have actually resulted in the absence of any recent sexual harassment charges. (Id.).

. . . [r]ather, the Commission must endeavor to eliminate discrimination in a manner consistent with the public interest.). Thus, contrary to Defendant's contentions, Defendant must not only show whether "the potential harm to the [Defendant] outweighs the harm to the [EEOC] if the stay is not granted," it must show that the potential harm to it will be greater than the harm the public will endure.  Defendant failed to establish such.

Third, Defendant failed to demonstrate how the stay would be in the public interest. Defendant merely submits that the "alleged harasser in this case is no longer employed with [Defendant]" and that it has implemented a new sexual harassment training program. (Rec. Doc. No. 105-1 at 2).

Fourth, Defendant failed to establish a high likelihood or even a substantial case of success on the merits of its appeal. *See Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981).  As Defendant simply submits that its current status quo is that it is in "the process of implementing a new sexual harassment policy with an emphasis on supervisors' responsibility to prevent and correct harassment." (Rec. Doc. No. 105-1 at 3). Furthermore, while the Fifth Circuit has not directly held whether gender stereotyping can be recognized as a form of same sex harassment, despite Defendant's contentions, this is not a novel legal theory based on other federal court decisions.  The Supreme Court has held that "the central focus of the inquiry . . . is always whether the employer

is treating some people less favorably than others because of their race, color, religion, *sex*, or national origin." *Furnco Const. Corp. v. Waters*, 438 U.S. 567, 577 (1978)(emphasis added). Moreover, other circuit courts have found that the Supreme Court "previously made clear that the means of proving discrimination cannot be reduced to rigid formulae." *Shepard v. Slater Steels Corp.*, 168 F.3d 998, 1009 (7th Cir. 1999) (citing to *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 311-13; *Furnco*, 438 U.S. at 577).

The ordered injunctive relief as adopted and incorporated by reference from Rec. Doc. No. 103, is of an urgent nature and granting Defendant's petition to stay this relief is wholly contrary to the spirit of the remedy.

Accordingly, and for the reasons pronounced above, Defendant's Motion to Stay Judgment of Injunctive Relief (Rec. Doc. No. 105), is hereby **DENIED**.

New Orleans, Louisiana, this 28th day of October, 2011.

UNITED STATES DISTRICT JUDGE